UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIDGEPORT MUSIC, INC., et al.,  )
                                  )
        Plaintiffs,                )
                                  )
        v.                         )   NO. 3:01-1005
                                  )   Judge Higgins/Brown
B.E. SOMEBODY, INC, et al.,        )   **Jury Demand**
                                  )
        Defendant.                 )

**TO: The Honorable Thomas A. Higgins**

### REPORT AND RECOMMENDATION

**I. INTRODUCTION**

Presently pending before the Magistrate Judge for a Report and Recommendation is the defendant, B.E. Somebody, Inc.'s motion to set aside the default judgment in this matter (Docket Entry No. 44), which was referred to the undersigned by the District Judge (Docket Entry No. 52).

The matter has been briefed and argued by counsel (see Docket Entry Nos. 44, 45, 46, 51, and 54). The defendant, B.E. Somebody, Inc. did request permission to file a reply and their request was granted on September 7, 2005. As of the entry of this Report and Recommendation, no additional reply has been filed, although the parties did discuss the matter in a telephone conference with the Magistrate Judge on September 20, 2005.

For the reasons stated below, the Magistrate Judge **recommends** that the motion to set aside default judgment (Docket Entry No. 44) be **granted**, conditioned upon the defendant B.E.

Somebody, Inc. paying the plaintiffs' reasonable attorneys' fees incurred in securing the default judgment against the defendant.

**II. BACKGROUND**

This case was originally started as part of a massive piece of litigation filed by the plaintiff against a large number of individuals and companies. <u>Bridgeport Music, Inc. v. 11C Music, et al.</u>, Case No. 3:01-0412. That case was severed into 477 separate suits and as a result, the first amended complaint was filed against B.E. Somebody, Inc. and several other defendants as Case No. 3:01-1005 (Docket Entry No. 5). The record does not reflect that B.E. Somebody, Inc. responded to the matter initially and plaintiffs subsequently moved for a default judgment against B.E. Somebody, Inc. on January 14, 2002 (Docket Entry No. 14). As a result of this motion, which was unopposed, a default was entered by the Clerk on January 18, 2002 (Docket Entry No. 20).

Before the plaintiffs could move for entry of an actual default judgment, proceedings in this matter were stayed by the District Judge pending the outcome of the first 10 related cases. Subsequently, on September 6, 2002 (Docket Entry No. 23), the District Judge denied the motion for default judgment as moot, without prejudice to being renewed by filing a notice at the time the stay order was vacated.

The case remained stayed until August 30, 2004 (Docket Entry No. 29), when Judge Higgins lifted the stay for the purpose of permitting the plaintiffs to file a motion for entry of default

2

and default judgment against the defendant, B.E. Somebody, Inc. Subsequently, the plaintiffs renewed its motion for default judgment on September 24, 2004 (Docket Entry Nos. 30 and 31). The matter was also referred to the Magistrate Judge for a Report and Recommendation and on October 20, 2004 (Docket Entry No. 36), the undersigned recommended that default judgment be granted against B.E. Somebody, Inc.

On December 16, 2004 (Docket Entry No. 39), a letter was received from the defendant, B.E. Somebody, Inc. regarding the Report and Recommendation for default judgment. Subsequently, the District Judge treated this letter as an objection to the Report and Recommendation and directed the plaintiffs to respond to the objection.

The letter from B.E. Somebody, Inc. was not filed within the 10 days allowed for filing an objection to Report and Recommendations. However, the letter was directed to be considered by the District Judge. The letter itself, signed by the company's secretary, claimed they had notified the Court that it had no interest in the songs the plaintiffs claimed that it was involved with on July 28, 2004. The file, however, does not reflect a copy of such a letter. It also does not appear that the corporation was represented by an attorney at this point.

The plaintiffs responded to this letter (Docket Entry No. 41), pointing out that it was untimely, that there had been no showing of excusable neglect for failing to timely file its

3

objection, and that the company had not obtained counsel as required by the Local Rules. They argued that the defendant had failed to show any cause, much less good cause, for its failure to appear and defend in this action.

Subsequently, the District Judge adopted the undersigned's Report and Recommendation and entered a default judgment against the defendant, B.E. Somebody, Inc. (Docket Entry Nos. 42 and 43). This then lead to the present motion to set aside the default judgment, pursuant to Fed.R.Civ.P. 60(b) (Docket Entry No. 44).

### III. LEGAL DISCUSSION

The motion to set aside the default judgment is based primarily on the affidavit of Belinda Wilson, the president of B.E. Somebody, Inc. (Docket Entry No. 45). In this affidavit, Ms. Wilson advises that she is the company's president and that the company is not a publishing company and does not own any musical compositions, including the one that is the subject of this lawsuit. Ms. Wilson states that she did not respond to the Court's document in this litigation due to her confusion of the Tennessee litigation with a then pending copyright lawsuit in California involving the same compositions and the mistaken belief that these proceedings were one and the same. She states that she was aware of the lawsuit pending in the U.S. District Court for the Central District of California in 2001. This involved claims primarily against her brother's company, White Label Music, and that this

4

litigation involved the same composition "Munch On" that is the subject of the present Tennessee litigation. She states that the California litigation was settled in June 2002 by stipulated judgment, that she did not receive any other court documentation about the Tennessee litigation until late 2004. She stated that prior to 2005, she mistakenly confused the present litigation with the California litigation, and when the California litigation was settled she thought that all matters related to the dispute over "Munch On" were resolved. She stated that in the latter part of 2004 she began to receive court documents in the Tennessee litigation, she inadvertently and mistakenly continued to confuse this litigation with the California litigation, and therefore took no action on the matter. She did, in December 2004, ask the corporate secretary to send the Tennessee court a letter responding to Bridgeport's motion for default. This letter (Docket Entry No. 39) has previously been summarized by the Magistrate Judge.

She states she did not realize that B.E. Somebody, Inc. was involved in separate Tennessee litigation until after she finally retained Tennessee counsel. She contends that she has valid defenses to the plaintiffs' claims. In a memorandum of law in support of the motion to set aside the default judgment (Docket Entry No. 46), plaintiffs claim excusable neglect and argue that it is appropriate under Fed.R.Civ.P. 55(c) to set aside a judgment by default, in accordance with Rule 60(b). Rule 60(b) provides that upon such terms as are just, the court may relieve a party or a

5

party's legal representative from a final judgment order or proceeding for mistake, inadvertent surprise, or excusable neglect.

The three factors normally considered in granting such a motion are (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant lead to the default. <u>United Coin Meter v. Seaboard Coastline Railroad</u>, 705 F.2d 839, 845 (6th Cir. 1983). This case has been cited again with approval in the more recent Sixth Circuit case of <u>Buck v. U.S.Department of Agriculture</u>, 960 F.2d 603, (6th Cir. 1992). In the <u>Buck</u> case, the Sixth Circuit noted that courts favor trial on the merits and that special care should be taken to make sure that a party with a meritorious defense is not deprived of adjudication because of counsel's failure to file a timely response. <u>Buck</u> at 607. The defendant then goes on to argue that the defendants will not suffer any legal prejudice other than the mere delay in resolving the case.

While they admit that the plaintiff has suffered inconvenience and annoyance at its belated response in this case, it argues that such conditions do not warrant removing the company's ability to defend itself. Under the second prong of <u>United Coin</u>, they argue that they have a meritorious defense and rely on the various pleadings in the matter to show that they do not have sufficient connection with the song in question to hold them in any way liable. Finally, they argue that while their conduct was in error, it was not culpable or wilful. They argue

6

that it was an negligent mistake caused by the company president's lack of legal training and her unfortunate confusion of this litigation with similar California litigation, which was resolved.

The defendant responds to this argument (Docket Entry No. 51) by stating that the conduct of the defendant in failing to respond earlier was inexcusable neglect. They point out that Ms. Wilson signed a certified receipt on July 23, 2001, in which she was served a summons addressed to B.E. Somebody, Inc., and that further she received a copy of the amended complaint in which B.E. Somebody, Inc. is the first named defendant. They argue that it is simply unreasonable for her to be confused and not understand that B.E. Somebody, Inc. was named as a defendant in Tennessee.

The plaintiffs argue that they have been prejudiced in this matter by spending thousands of dollars in pursuing this defendant, citing Docket Entry No. 41, pages 2 and 3, and that they were prejudiced by the inability to gather evidence for trial by the defendant's failure to respond. They also argue that while Ms. Wilson claims that B.E. Somebody, Inc. is a California corporation, that in fact it is a suspended corporation, which no longer has officers at the address previously listed.

They further argue that these issues were raised as objections to the Magistrate Judge's original Report and Recommendation in this matter and should not be disturbed at this late date.

7

As an alternative, the plaintiffs insist that the case should only be reinstated upon the defendant being required to pay the plaintiffs the sum of $5,000 to recompense them for their expenses in pursuing the default judgment.

The defendant did request permission to file a reply (Docket Entry No. 54), and in their request they essentially summarized the arguments they would make in such a reply brief. Although permission to file a reply was granted, no formal reply was filed. They do point out that normally to constitute prejudice, the plaintiffs must show that the delay will result in the loss of evidence, increase difficulty in discovery, or greater opportunities for fraud or collusion. Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990). The defendant also cites the unpublished decision of the Sixth Circuit in Clarendon Ltd. v. Foster, 1993 WL 339703 at page 7 (6th Cir. Sept. 2, 1993). However, in reading that opinion, the Magistrate Judge does not find that it rejects the considered of the expense to the opposing party as a potential prejudice.

After giving due consideration to the criteria and the proposition that cases should be decided on the merits where possible, the Magistrate Judge believes that it is appropriate in this matter to recommend setting aside default judgment in this matter, conditioned upon the defendant paying the reasonable attorneys' fees of the plaintiffs in securing the default judgment. In reaching this conclusion, the Magistrate Judge has considered

8

that the defendant in this matter is a small corporation apparently without regular legal counsel, and while the company's president was clearly guilty of neglect, it does not appear to be neglect that was wilful or culpable as those terms are defined. It also appears that the defendant may have a meritorious defense, in view of their contentions that they have no connection with the actual publishing, licensing, or distribution of the song.

The plaintiffs' contention that they have been prejudiced by the delays in this case is not persuasive. The matter was stayed from February 11, 2002 (Docket Entry No. 22) through December 3, 2004 (Docket Entry No. 38). To the extent this case is reopened, the District Judge may, of course, reopen discovery and set a new deadline, inasmuch as the original deadline of June 10, 2005, set by Docket Entry No. 38, has now passed.

The Magistrate Judge would suggest that a reasonable fee to compensate the plaintiffs for the additional expenses they have occurred because of the defendant's excusable neglect would be $2,000. The Magistrate Judge is familiar with some of the costs that have been awarded plaintiffs in other default judgments and believes that this sum is sufficient to compensate the plaintiffs for the pleadings necessary to obtain the default judgment. Accordingly, the payment of that sum is reasonable and fair as a condition of setting aside the default.

9

Case 3:01-cv-01005   Document 57   Filed 10/04/05   Page 9 of 10 PageID #: 58

**IV. RECOMMENDATION**

For the reasons stated above, the Magistrate Judge **recommends** that the default judgment previously entered in this matter (Docket Entry No. 44) be **granted** on the condition that the defendant pay the plaintiffs $2,000, in order to compensate the plaintiffs for their additional expenses in connection with the motions for default judgment, which were caused by the defendant's neglect. Additionally, the Magistrate Judge **recommends** that a new time frame be set for the taking of discovery in this matter.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 4th day of October, 2005.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge