UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIDGEPORT MUSIC, INC., et al., )
                                )
        Plaintiffs,              )
                                )
           v.                    )   NO. 3:01-1005
                                )   Judge Higgins/Brown
B. E. SOMEBODY, INC., et al.,   )
                                )
        Defendants.              )

**TO: The Honorable Thomas A. Higgins**

### REPORT AND RECOMMENDATION

**I. INTRODUCTION**

For the reasons stated below, the Magistrate Judge **recommends** that reasonable attorneys' fees for plaintiffs's counsels' work, in connection with the default issues, be $1990.

**II. BACKGROUND**

The procedural history of this case, which lead up to the present motion for attorneys' fees, is set out in the Magistrate Judge's Report and Recommendation of October 4, 2005 (Docket Entry No. 57). In that Report and Recommendation, which was adopted by the District Judge (Docket Entry No. 58), a default judgment against the defendant, B. E. Somebody, was vacated "conditioned upon the defendant paying the reasonable attorneys' fees incurred by the plaintiffs in securing the default judgment (Docket Entry No. 58).

In the Report and Recommendation, the Magistrate Judge recommended that a fee of $2,000 would be reasonable. Plaintiffs'

counsel has now submitted an itemized claim for $5,675 (Docket Entry No. 61). The defendants have responded that this amount is excessive and they do not believe that any amount in excess of $2,000 is reasonable (Docket Entry No. 64).

**III.  LEGAL DISCUSSION**

Plaintiffs' counsel is correct that the use of the Lodestar amount is appropriate. <u>U.S. Structures, Inc. v. J.P. Structures, Inc.</u>, 130 F.3d 1185, 1193 (6th Cir. 1997). Plaintiffs' counsel also contends that where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, as they point out, this would encompass all hours reasonably expended on the litigation. <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1982).

Plaintiffs' counsel has set forth a declaration and an itemized breakdown of the work he claims was reasonably expended in this matter (Docket Entry No. 63).

The Magistrate Judge does not find the hourly rates billed by the attorneys and paralegals in this matter to be unreasonable. They appear to be within the range of fees normally charged in the Nashville area for attorneys of like qualifications.

The Magistrate Judge, however disagreed with plaintiffs' counsel as to the necessity of some of the hours. As pointed out by the defendants, it is not reasonable to include the drafting of the original and amended complaints. This has nothing, whatever,

2

to do with the defendants' failure to properly respond. Accordingly, 10 hours at $210, for a total of $2100 should be disallowed.

Likewise, the time spent in drafting of the motion for entry of default and default judgment of 3 hours in 2002, for a total of $630, should be disallowed. This first motion for default and default judgment was denied without prejudice because the case was stayed upon its transfer to Judge Higgins (Docket Entry No. 23). Subsequently, the stay was lifted by the District Judge (Docket Entry No. 29) to allow the plaintiffs to proceed with their renewed motion for default and default judgment.

Therefore, in 2004, the plaintiffs prepared a second motion for default judgment and have claimed that Mr. Busch and Ms. DiSalvo spent 2 hours each on the matter, for a total fee of $820. There is no indication in this $820 how much paralegal time was spent. The Magistrate Judge believes that this motion can be attributed to the defendants' failure to respond to the pleadings. However, the fact that the plaintiffs had to file 2 motions was not the fault of the defendants, and they should not be charged twice.

The Magistrate Judge would also noted that there was nothing particularly unique about the motion for default and default judgment, inasmuch as the motions were in large part boiler plate and identical to a large number of similar motions filed in other <u>Bridgeport</u> cases. Accordingly, it would appear that

3

paralegals prepared a good portion of this matter, and there is no particular reason why Mr. Busch would spend an equal amount of time to Ms. DiSalvo on what is a very routine matter.

Accordingly, the Magistrate Judge believes that a more reasonable breakdown of the 4 hours would be 3 hours for Ms. DiSalvo at $125 per hour, for a total of $375, and one hour for Mr. Busch at $285, for a total award for this portion of $660.

Next, the plaintiffs have claimed some $1275 for responding to the defendants' efforts to set aside the default.

Once again, the 6 hours claimed is broken evenly between Ms. DiSalvo and Mr. Busch. The Magistrate Judge believes that a more reasonable allocation of the hours would be 2 hours of Mr. Busch's time at $300 per hour, for a total of $600, and 4 hours of Ms. DiSalvo's time at $125 per hour, for a total of $500, making a total for this portion of the motion of $1100.

Plaintiffs have also claimed 5 hours of paralegal support at $85 an hour, for a total of $425. Unfortunately, the 5 hours for paralegal support is not broken down to show what portions of it went to which part of the claim. The Magistrate Judge believes that paralegal time for work on the original and amended complaints, and the first motion for entry of default and default judgment should be disallowed. It would appear that 2 hours would be a reasonable amount of paralegal time, for an award for paralegals for overall case support in the amount of $170.

4

The Magistrate Judge would note that the recommended award totals $1930, which is close to the original amount of $2000, recommended by the Magistrate Judge in his previous Report and Recommendation. However, plaintiffs now claim that they have spent an additional $425 preparing the fee application. Thus, the fee application itself is 25% of the amount recommended.

The Sixth Circuit has expressed a concern that fees for preparing fee applications not be allowed to become a profit center for attorneys. They have used a 3% limit in some cases. See Coulter v. State of Tennessee, 805 F.2d 146 (6th Cir. 1986). While the facts in this case are not identical to the Coulter case, the limits suggested appear appropriate.

Plaintiffs could have agreed to take the $2000 originally suggested and saved all concerned money and time. Instead, plaintiffs tried to over reach by claiming time for work having nothing to do with the default.[1] Applying 3% to the amount allowed would result in an increase of $60 for a total award of $1990.[2]

**IV. RECOMMENDATION**

For the reasons stated above, the Magistrate Judge

---

[1] The plaintiffs will be free to try to recover the fees for preparing the complaint, if plaintiffs prevail on the merits or the default is not set aside.

[2] The Magistrate Judge has not recommended a reduction in the Lodestar amount, although, it could be argued that plaintiffs' counsel was not entirely successful in his efforts. He was unable to prevent the default from being set aside. He was only able to condition the default being set aside upon the payment of reasonable fees.

**recommends** that the amount of reasonable fees to be paid to the plaintiffs in this matter, in order to set aside the default be set at the amount of $1990.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 11th day of January, 2006.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge